UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 22-CR-10141 |
| SEAN O'DONOVAN,<br>            Defendant | ) ) ) ) ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO LIMIT EVIDENCE AND ARGUMENT REGARDING MERITS OF THEORY WELLNESS, INC.'S APPLICATION FOR HOST COMMUNITY AGREEMENT**

The defendant Sean O'Donovan, by and through undersigned counsel, hereby respectfully submits this Response in Opposition to the government's Motion *in Limine* to Limit Evidence and Argument Regarding Merits of Theory Wellness, Inc.'s Application for Host Community Agreement.

The government Motion concedes that much of the evidence regarding the merits of Theory's application is admissible. Indeed, the government itself intends to put on evidence that "the Chief gave [Theory's] HCA application the highest score, and that the Mayor ultimately entered into an HCA with" Theory, both acting without knowledge that Theory was Mr. O'Donovan's client. Dkt. 105 at 1-2. Similarly, Mr. O'Donovan's repeated statements in recorded conversations with government cooperator Michael Buckley "touting the purported merits of [Theory's] application are inextricable from" the remainder of the recordings and should, in the government's view, be admitted. *Id.* at 3.

1

The merits of Theory's application are also highly relevant to Mr. O'Donovan's defense of good faith.  As the government acknowledges, Mr. O'Donovan repeatedly emphasized the merits of his client's application in the recorded meetings with Michael Buckley.  He similarly repeatedly framed his "ask" to the Chief as voting and/or advocating for Theory on the merits.  *See, e.g.*, Sept. 14, 2021 Tr. at 5 ("***[I]f he was gonna vote for them anyway*** and you're giving them a high vote that's what I'm looking for." (emphasis added)), 10 ("[W]e want Jack to advocate for us and give us a good vote ***because we think we deserve it***, by the way.  This is no tom foolery." (emphasis added)).  Payment to Michael Buckley for him to ask his brother to read Theory's application and vote on the merits is not bribery.  Mr. O'Donovan's belief in the strength of Theory's application is also relevant because it makes it far less likely that he would intentionally resort to criminal bribery simply to ensure that the best applicant would, in fact, be chosen whereas, if he believed his client would fail absent bribery, it would be more likely that he would undertake that offense.

The defense also preserves the argument, reflected in its Requests for Instructions to the Jury, that *quid pro quo* bribery requires that the defendant intend that any payment be in exchange for a promise or commitment that the official change what would be his official actions without the payment.  *See* Dkt. 91, Request No. 13 (citing cases).  In the event the Court rejects the defense position on this issue, Mr. O'Donovan will not argue at trial "that (1) he could not have committed bribery . . . because even if successful, his scheme would not have changed the outcome of the HCA process, or (2) because [his] actions were not financially harmful to Medford, he cannot be convicted of bribery." Dkt. 105 at 4.  He will, however, seek to rely on the merits of Theory's application in connection with his good-faith defense as described above.

For all of the foregoing reasons, the defense respectfully requests that this Honorable Court deny the government's Motion.

Respectfully Submitted,
SEAN O'DONOVAN
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: October 12, 2023

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, October 12, 2023, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.