UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 22-10141-WGY |
| | ) | |
| SEAN O'DONOVAN, | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S RESPONSES TO
### DEFENDANT'S REQUESTS FOR INSTRUCTIONS TO THE JURY

The United States, by and through the undersigned, hereby submits its Responses to the

Defendant's Requests for Instructions to the Jury (ECF 91).

### Response to Request #2: Elements of the Offense: Honest Services Wire Fraud

The government objects to three aspects of Defendant's Request #2.

1.      The phrase "without regard to whether or not he believed the client merited one of

the city's cannabis licenses," contained in paragraph 2 of the proposed instruction, misstates the

law of honest services. ECF 91 at 3. As set forth in the government's *in limine* briefing, the Chief's

beliefs about the merits of Theory Wellness, Inc.'s application for a Host Community Agreement

is neither material nor a defense to honest services fraud. ECF 105; *see also City of Columbia v.

Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 379 (1991) ("A [public official] is guilty of

accepting a bribe even if he would and should have taken, in the public interest, the same action

for which the bribe was paid.") (citing *United States v. Jannotti*, 673 F.2d 578, 601 (3d Cir. 1982));

*United States v. McDonough*, 727 F.3d 143, 161 (1st Cir. 2013) ("The issue in this case is not

whether the defendants truly thought the software was a benefit to the Commonwealth; instead it

is whether they intended to exchange payments to [a politician] for assistance to [a contractor].");

*United States v. Quinn*, 359 F.3d 666, 675 (4th Cir. 2004) ("It is not necessary for conviction under

1

§ 201(b) that the official act offered in exchange for the bribe be harmful to the government or inconsistent with the official's legal obligations. . . . [I]t does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations."); *United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (holding that it "is not a defense to the crime of bribery that had there been no bribe, the public official might have lawfully and properly performed the same act").

2.      The phrase "by paying money to the Chief of Police or[] on his behalf and at his direction to his brother," misstates the law of honest services. ECF 91 at 3. There is no requirement that the government prove that payment to Michael Buckley was made on behalf of the Chief or at the direction of the Chief. The Court rejected Defendant's two motions to dismiss the indictment on this very same ground. ECF No. 46, 63. In fact, all that the law requires is that the payment was made in exchange for the Chief's official action. *See Skilling v. United States*, 561 U.S. 358, 408, 412 (2010); *United States v. DeMizio*, 741 F.3d 373, 382 (2d Cir. 2014) (rejecting defendant's "contention that a payment in a private-sector scheme does not qualify as a kickback unless the defendant employee himself or herself receives the payoff," and emphasizing that corrupt payments to father or brother could qualify as kickbacks); *Temple v. United States*, No. 04-CR-0568, 2012 WL 7763027, at *3 (N.D. Ga. Dec. 27, 2012) ("*Skilling* did not require that all of the participants in an honest services fraud benefit personally"), *report and recommendation adopted*, 2013 WL 1129408 (N.D. Ga. Mar. 19, 2013).

3.      The phrase "where the Chief of Police conveyed a specific intent to accept a bribe," ECF 91 at 3, is a misstatement of the law, since the mere corrupt offer of a bribe is sufficient to trigger federal criminal bribery liability even where the public official, in fact, entirely lacks awareness of the bribe offer. *See, e.g.*, *United States v. Davis*, 965 F.2d 804, 810-11 (10th Cir.

1992) ("In fact, so long as the money is offered with corrupt intent, the official does not necessarily even need to be aware of the bribe. The statute makes *attempted* bribery a crime, and so long as a bribe is offered or promised with the requisite intent to influence any official act the crime is committed.") (citation omitted); *United States v. Gallo*, 863 F.2d 185, 189 (2d Cir. 1988) ("Whether or not there was a federal official to whom bribes were actually paid is not determinative of the issue of intent. . . . To find such intent, the public official who is the target of the bribe need not be aware of the bribe."); *United States v. Johnson*, 621 F.2d 1073, 1076-77 (10th Cir. 1980) ("In fact, so long as the money is offered with corrupt intent, the official does not necessarily even need to be aware of the bribe."); *see also United States v. Frega*, 179 F.3d 793, 807 (9th Cir. 1999) ("As we have previously made clear, what is critical to a finding that [the bribe payor-defendant] committed the predicate acts for the substantive RICO charge is [his] intent in making the payment, whether to a judge or to a member of the judge's family, not whether the judge was in fact aware of or influenced by the payment.").

**Response to Request #3: Elements of the Offense: Federal Programs Bribery**

The government objects to four aspects of Defendant's Request #3.

1.      The phrase "to the Chief or, on his behalf and at his direction to his brother," contained in Paragraph four (Third element) misstates the law. ECF 91 at 5. The statute, 18 U.S.C. § 666, specifically provides that it is illegal for someone to corruptly give, offer or agree to give anything of value "to any person," with the intent to influence a public official. There is no requirement that the payment be to the Chief, or on his behalf and at his direction.

2.      The phrase "regardless of the merits of the client's application," contained in Paragraph 5 (Fourth element) of the proposed instruction misstates the law, ECF 91 at 5, for the same reasons described above with regard to Defendant's Request #2. In short, the Chief's beliefs

about the merits of Theory Wellness, Inc.'s application for a Host Community Agreement are neither material nor a defense to honest services fraud. ECF 105; *see also City of Columbia*, 499 U.S. at 379.

3.      The phrase "a specific and corrupt intent to give something of value to the public official or at the direction of the public official to a third-party in exchange for what the defendant believed to be an official act," contained in the fifth paragraph (Fourth element) misstates the law in several respects. ECF 91 at 5. As set forth above, the government need not prove that the Chief directed the bribe payment to his brother. 18 U.S.C. § 666(a)(2) ("corruptly gives, offers, or agrees to give anything of value to *any person*") (emphasis added). In addition, there is no official act requirement in the statute, and the First Circuit has not read such a requirement into the statute. *See United States v. Carrasco*, 79 F.4th 153, 161 (1st Cir. 2023) (noting that Court has "not held that § 666 does have an 'official act' requirement," and several circuits have held that there is no official act requirement in statute, but declining to decide whether § 666 had "official act" requirement) (citing *United States v. Lindberg,* 39 F.4th 151, 165-169 (4th Cir. 2022)); *United States v. Roberson*, 998 F.3d 1237, 1246-47 (11th Cir. 2021); *United States v. Ng Lap Seng*, 934 F.3d 110, 131-34 (2d Cir. 2019); *United States v. Porter*, 886 F.3d 562, 565-66 (6th Cir. 2018)). Finally, the statute requires the government to prove that Defendant acted "corruptly," not with a "*specific and* corrupt intent."

4.      Defendant's request that the Court instruct the jury that the government must prove that "the value of the City of Medford's business at issue was at least $5,000," ECF 91 at 5, is confusing. The government must prove that the bribery was "in connection with any business, transaction, or series of transactions" of Medford involving a thing of value of $5,000 or more.

Here, the government must prove that the value of Theory Wellness's Host Community Agreement with Medford was $5,000 or more.

### Response to Request #4: Requirement of Corrupt Intent

The government objects to that part of Defendant's proposed Request #4 that equates "corrupt intent" with "wrongful, depraved, or evil conduct." ECF 91 at 6. The case cited by Defendant does not support this definition. *Id.* at 6 n.2 (citing *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023)).

### Response to Request #5: Requirement of *Quid Pro Quo* Agreement to Exchange

The government objects to Defendant's Request #5 (ECF 91 at 7) because a *quid pro quo* does not require a corrupt agreement between the payor and the official, and the government is not required to prove that Defendant believed the Chief had agreed to accept a bribe in exchange for official acts promised to Defendant. In fact, as noted above, the mere corrupt offer of a bribe is sufficient to trigger federal criminal bribery liability. *See, e.g.*, 18 U.S.C. § 666(a)(2) ("Whoever . . . corruptly gives, *offers*, or agrees to give anything of value to any person, with intent to influence or reward an agent of a[] . . . local . . . government . . . in connection with any business, transaction, or series of transactions of such . . . government . . . involving anything of value of $5,000 or more[] shall be . . . imprisoned not more than 10 years.") (emphasis added); *cf. United States v. Ring*, 706 F.3d 460, 465 (D.C. Cir. 2013) (recognizing in honest services fraud case that the federal bribery statute, which "serves as the benchmark for honest-services bribery . . . criminalizes a mere 'offer' of something of value with intent to influence an official act. . . . That the official need not accept that offer for the act of bribery to be complete is evident from the structure of the statute, which defines separate bribes: the act of offering a bribe and the act of soliciting or accepting a bribe.").

This same principle holds true even where the public official entirely lacks awareness of the bribe offer. *See, e.g.*, *Davis*, 965 F.2d at 810-11 ("In fact, so long as the money is offered with corrupt intent, the official does not necessarily even need to be aware of the bribe. The statute makes *attempted* bribery a crime, and so long as a bribe is offered or promised with the requisite intent to influence any official act the crime is committed.") (citation omitted); *Gallo*, 863 F.2d at 189 (same); *Johnson*, 621 F.2d at 1076-77 (same).[1]

### Response to Request #6: Constitutional Right to Lobby Public Officials

The government objects to Defendant's Request #6 (ECF 91 at 8), which purports to instruct the jury on a constitutional right to lobby public officials. "Offers to engage in illegal transactions are categorically excluded from First Amendment protection." *United States v. Williams*, 553 U.S. 285, 297 (2008). Specifically, bribery and honest services fraud are not conduct protected by the First Amendment. *See, e.g.*, *United States v. Smith*, 985 F. Supp. 2d 547, 605 (S.D.N.Y. 2014) (public officials not entitled to immunity under guise of protected speech for *quid pro quo* arrangement charged as honest services fraud); *United States v. Sittenfeld*, No. 20-CR-142, 2023 WL 2964661, *4 (S.D. Ohio, Apr. 17, 2023) ("The First Amendment does not protect bribery, and that is what the jury—after determining [the defendant's] intent—concluded happened here."). A conviction for the charged offenses necessarily excludes the possibility that the defendant engaged in mere lawful lobbying. Given that the question before the jury is whether the defendant engaged in *bribery*, an instruction defining lawful lobbying is unnecessary and would be confusing to the jury.

---

[1] As set forth above in response to Request #3 and for the reasons described in the government's *in limine* briefing, the government also objects to the phrase "regardless of the merits of the application," as used in the first paragraph of the proposed instruction. ECF 91 at 7.

**Response to Request #7: Not Illegal to Offer Payment to Relative**

The government objects to Defendant's Request #7, which purports to instruct the jury that it is not illegal to pay a public official's relative. ECF 91 at 10. Given that the Court will be instructing the jury on the elements of honest services fraud and bribery, it is not necessary to instruct the jury that there is nothing inherently illegal about offering a payment to the relative of a public official, and such an instruction is entirely unsupported by the case cited by Defendant. ECF 91 at 7 (citing *Percoco v. United States*, 598 U.S. 319, 331 (2023)). In addition, as set forth above, the government does not need to prove that the payment was made at the Chief's direction to his brother.

**Response to Requests #8 and 9: Conflict of Interest and Attorney Ethics Rules:**

The government objects to Requests #8 and 9, ECF 91 at 11-12, which inappropriately instruct the jury about state law and ethical violations that do *not* constitute bribery. Defendant cites no precedent for either of these instructions, perhaps because the First Circuit has rejected virtually identical instructions in similar circumstances.

1.      Defendant's Request #8 purports to instruct the jury about how Massachusetts state law does not categorically prohibit municipal employees from participating in matters in which their family members have a financial interest (but authorizes such participation in the event the employee discloses the interest and obtains permission). *See* Mass. Gen. Laws ch. 268A, § 19(b). As an initial matter, there is no evidence that Defendant envisioned the Medford Police Chief— the ostensibly conflicted employee here—disclosing the relevant interest. *See, e.g.*, Indictment at ¶ 34 (Defendant's recorded statement that "no one's going to fucking know about it"). But even if such a disclosure were contemplated, the instruction would almost certainly confuse the jury about the basic bribery principles they will be asked to apply. Those principles unequivocally forbid

conviction on the basis of a mere conflict of interest. Under highly similar circumstances, the First Circuit, in a post-*Skilling* honest services fraud prosecution, upheld a district court's refusal to give a similar instruction about a statutory exception to a state law conflict-of-interest provision. *See United States v. Urciuoli*, 613 F.3d 11, 15 (1st Cir. 2010) (recognizing that such an instruction was "quite likely to mislead the jury"); *see also United States v. Schaller*, 401 F. App'x 419, 423 (11th Cir. 2010) (upholding refusal to instruct jury about a provision of the Federal Acquisition Regulations providing that conflicts of interest can be waived with a written waiver, where the defendant put forward no evidence of a written waiver).

       2.      Defendant's Request #9, ECF 91 at 12, which provides that a violation of attorney ethical rules does not constitute bribery, suffers from a similar deficiency: it instructs the jury about what bribery *is not*. *See United States v. McDonough*, 727 F.3d 143, 157 (1st Cir. 2013) ("The district court was not required to provide an exhaustive list of conduct that would *not* be illegal."). The First Circuit and other courts have rejected similar efforts to inject attorney ethical principles into criminal cases. *See United States v. Schussel*, 291 F. App'x 336, 348 (1st Cir. 2008) (upholding district court's decision to reject instruction on "attorney ethical rules" in tax evasion case); *United States v. Madril*, No. 20-10421, 2022 WL 2662885, at *4 (9th Cir. July 11, 2022) (unpublished) ("Moreover, because the district court properly instructed the jury on the government's burden of proof, it did not commit plain error by failing to *sua sponte* instruct the jury that the government could not carry its burden merely by proving a violation of attorney ethical rules.").

**Response to Request #10: Gratuities and Rewards**

       Defendant's Request #10, ECF 91 at 13, which instructs the jury about the definition of a gratuity, is, like his proposed Requests #8 and #9, a wholly unnecessary and improper effort to enumerate activities that do not constitute bribery. *See McDonough*, 727 F.3d at 157. The proposed

instruction is functionally identical to an instruction that the district court refused to give in *McDonough*. *Compare* Instruction #10 ("A payment is not a bribe, but is instead known as a gratuity, if it is merely a reward for some hoped for or even some expected future act that the public official may take and may have already determined to take."), *with McDonough*, 727 F.3d at 157 (describing the rejected instruction as follows: "providing money to a public official merely as a reward for some future act that the public official will take (or may have already determined to take) . . . does not constitute honest services fraud"). In *McDonough*, the First Circuit upheld the district court's refusal to so instruct the jury. *Id.* Defendant has failed to articulate any reason why a different result is called for here.

### Response to Request # 11: Attorney's Duty of Loyalty

Like Defendant's Request #9, Request #11, ECF 91 at 14, seeks an instruction about attorney ethical rules (here, about an attorney's duty of loyalty). But, as discussed above, the First Circuit has rejected efforts to instruct juries on "attorney ethical rules" in criminal cases. *See Schussel*, 291 F. App'x at 348. Defendant's proposed instruction goes beyond merely a broad principle about an attorney's ethical obligations, but *directs* the jury not to convict him "for his mere failure to reject the Chief's supposed decision to vote in favor of his client." That would be entirely inappropriate here, and would very likely confuse the jury, within the meaning of Federal Rule of Evidence 403, about the import of a significant piece of evidence: when told by Michael Buckley that the Chief was prepared to favor the Defendant's Client in exchange for a payment, Defendant gave Michael Buckley a "fist bump." The government's proposed instructions sufficiently explain to the jury the *mens rea* necessary to convict him of bribery. There is no need to enumerate circumstances that do not, standing alone, yield criminal bribery liability.

*United States v. Avenatti*, 81 F.4th 171, 199 (2d Cir. 2023), the only precedent on which Defendant relies in support of this instruction, is not to the contrary. In *Avenatti*, the district court instructed the jury about the "duties an attorney owes a client" because the charge in that case was that the attorney-defendant had breached that duty and thereby deprived the *client* of the *attorney's* honest services. *Id.* at 199. Here, by contrast, the breached duty would be the duty of honest services owed by the *Medford Police Chief* to the city of Medford; that jury's obligation to find that particular fiduciary duty here is clarified in the government's proposed jury instructions regarding the honest services wire fraud counts. *Avenatti* is accordingly inapposite here.

### **Response to Request # 12: Official Act**

Defendant's Request #12, ECF 91 at 15, is incorrect on numerous grounds.

First, the proposed instruction indicates that Chief must have "conveyed an intent to be influenced in the performance of an official act." This is not the law, as discussed above with regard to Defendant's Request #5. *See, e.g.*, *Ring*, 706 F.3d at 465 (recognizing that bribery statutes generally "criminalize a *mere offer* of something of value with intent to influence an official act") (emphasis added). This proposed instruction suggests that criminal bribery liability hinges on an *agreement*, when in fact either an offer or a solicitation—including through an intermediary—is sufficient. *See, e.g.*, 18 U.S.C. § 666 (criminalizing corrupt "solicit[ations] or demands" as well as corrupt "offers").

Second, the "official act" requirement does not apply to federal program bribery under 18 U.S.C. § 666. *See United States v. Lindberg*, 39 F.4th 151, 165-169 (4th Cir. 2022); *United States v. Roberson*, 998 F.3d 1237, 1246-47 (11th Cir. 2021); *United States v. Ng Lap Seng*, 934 F.3d 110, 131-34 (2d Cir. 2019); *United States v. Porter*, 886 F.3d 562, 565-66 (6th Cir. 2018). Although the First Circuit has not explicitly decided the issue, it has cast substantial doubt on the

contention that § 666 requires proof of an "official act." *United States v. Carrasco*, 79 F.4th 153, 161 (1st Cir. 2023) (citing the aforementioned cases and highlighting that "the text of § 666, unlike the text of [18 U.S.C.] § 201 that the Supreme Court construed in *McDonnell*[ *v. United States*, 579 U.S. 550, (2016)], does not include the phrase 'official act'"). The First Circuit upheld a conviction in *Carrasco* where the district court did not instruct the jury on an "official act" requirement under § 666, in part because there was sufficient proof nevertheless of official action. *See id.* at 161-62.

### Response to Request #13: Requirement of Change in Official Act

As discussed above with regard to Defendant's Request #2 and Request #3, and as discussed in the government' *in limine* briefing, a public official would be "guilty of accepting a bribe even if he *would and should have taken*, in the public interest, the same action for which the bribe was paid." *City of Columbia*, 499 U.S. at 379; *see also* ECF 105. Defendant's Request #13, ECF 91 at 17, would *require* the government to prove that the relevant official "agreed to change an official position" as a result of the payment. Such an instruction would upend decades of settled law by effectively allowing meritorious would-be government contractees to bribe with impunity. That cannot be, and is not, the law. *See Skilling v. United States*, 561 U.S. 358, 400 (2010) (recognizing that "[e]ven if the [honest services fraud] scheme occasioned a money or property *gain* for the betrayed party, courts reasoned, actionable harm lay in the denial of that party's right to the offender's 'honest services.'"). In *McDonough*, moreover, the First Circuit affirmed an honest services fraud conviction where a virtually identical instruction was rejected by the district court. 727 F.3d at 159-60 (affirming district court's rejection of instruction that would require the government to prove a payment was made with intent to cause the public official to "alter his official acts").

### Response to Request #14: Good Faith

Defendant cites no precedent for his Request #14, ECF 91 at 18-19, which seeks an instruction that "good faith" is a complete defense to the charges in the Indictment. In fact, the First Circuit has regularly upheld convictions where district courts refused to give such superfluous instructions. *See United States v. Berroa*, 856 F.3d 141, 161 (1st Cir. 2017) ("[W]e have held that [a] separate instruction on good faith is not required where the court adequately instructs on intent to defraud. This is because intent to defraud is essentially the opposite of good faith.") (internal quotation marks and citation omitted); *United States v. Camuti*, 78 F.3d 738, 744 (1st Cir. 1996) ("A separate instruction on good faith is not required in this circuit where the court adequately instructs on intent to defraud."); *United States v. Goodspeed*, 977 F.2d 566 (1st Cir. 1992) ("We have already explicitly declined to follow the rulings in that circuit which require a separate good faith instruction despite a clear and accurate instruction on the necessity of finding specific criminal intent."); *United States v. Dockray*, 943 F.2d 152, 155 (1st Cir. 1991) ("[W]here the court properly instructs the jury on the element of intent to defraud—essentially the opposite of good faith—a separate instruction on good faith is not required."). Accordingly, and consistent with this unbroken line of precedent, there is no need for a good faith instruction here.

### Response to Request #15: Defense of Entrapment

Defendant's Request #15, ECF 91 at 20-21, presses an unnecessarily detailed and one-sided entrapment instruction, when essentially the basic pattern entrapment jury instruction would suffice. Defendant's request cherry-picks from the relevant pattern jury instruction, *see* First Circuit Pattern Criminal Jury Instructions § 5.05, as well as from a recent First Circuit entrapment case, *United States v. Perez-Rodriguez*, 13 F.4th 1, 30 (1st Cir. 2021). But his proposed instruction

deviates from the pattern injury instruction and the language of First Circuit entrapment cases including *Perez-Rodriguez* in important ways: For example:

- Defendant's instruction leaves out the language from the pattern jury instruction specifically validating permissible law enforcement methods to afford an individual an opportunity to commit an offense: "However, law enforcement agents are permitted to use a variety of methods to afford an opportunity to a defendant to commit an offense, including the use of undercover agents, furnishing of funds for the purchase of controlled substances, the use of informers and the adoption of false identities." First Circuit Pattern Criminal Jury Instructions § 5.05.

- Although Defendant's proposed entrapment instruction lists "whether Mr. O'Donovan showed reluctance" as a factor for the jury to evaluate in assessing Defendant's predisposition, he leaves out the balance of the language from the pattern jury instruction ("and whether that reluctance reflects the conscience of an innocent person or merely the caution of a criminal"). First Circuit Pattern Criminal Jury Instructions § 5.05; *see also United States v. LaFreniere*, 236 F.3d 41, 47 (1st Cir. 2001) (recognizing that instruction about whether the "defendant's hesitation at the criminal suggestions reflects the conscience of an innocent person or merely the caution of a criminal . . . neatly followed our jurisprudence on entrapment").

- Although Defendant's proposed entrapment instruction admits that the "mere creation of an opportunity to commit a crime does not, by itself, rise to the level of improper inducement," he omits significant language from *Perez-Rodriguez*, 13 F.4th at 17: ("The mere creation of an opportunity to commit a crime <u>through a sting operation</u> does not, in and of itself, constitute improper inducement.") (emphasis added).

13

- Finally, although Defendant's Request # 15 correctly recognizes that the critical time to assess predisposition is "in advance of the government's initial intervention," he neglects to note that predisposition evidence *can* post-date the government's involvement. *See United States v. Acosta*, 67 F.3d 334, 339 (1st Cir. 1995) (noting that the "government was entitled to rely as evidence of predisposition on [the defendant's] own behavior after he was approached by [the government informant]"). In *Acosta* the First Circuit held that the government could rely, in proving predisposition, on a "certain measure of professional finesse" from the defendant in completing the illegal firearm transaction that was unequivocally proposed as an initial matter by the government informant. *Id.*

In short, to the extent that the Court gives an entrapment jury instruction, the government requests that this Court give the very same entrapment instruction—modeled on the pattern entrapment jury instruction—that it gave in *United States v. Paul R. Hinkel*, No. 14-CR-10109, ECF No. 117 at 96-98 (Young, J.), and that was upheld on appeal in *United States v. Hinkel*, 837 F.3d 111, 118 (1st Cir. 2016). The relevant jury instruction is attached here as Exhibit 1.

Dated: October 19, 2023                    Respectfully submitted,


JOSHUA S. LEVY                             COREY R. AMUNDSON
United States Attorney                     Chief, Public Integrity Section
                                           U.S. Department of Justice


By: *Kristina E. Barclay*                  By: *Jonathan E. Jacobson*
Kristina E. Barclay                        Jonathan E. Jacobson
Assistant United States Attorney           Trial Attorney, Public Integrity Section
                                           U.S. Department of Justice

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2023 I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all attorneys of record.

*/s/ Jonathan E. Jacobson*
Jonathan E. Jacobson
Trial Attorney
